Julius A. Palmer & another *vs.* Samuel Stevens & others.

A testator, after giving his estate to his five children, share and share alike, to the use of them, their heirs and assigns, respectively forever, directed that the share of one son should be held in trust during his life to pay him the income thereof, and also any part of the principal, if necessary for the comfort, support and education of himself and his children, and after his decease pay the same to his heirs at law. *Held,* that the son was absolutely entitled to the income at all events, and could assign the income, but not the principal.

Action of contract, praying relief in equity, against the executors and trustees under the will of Zachariah Stevens, and against John Stevens his son. The declaration alleged that the material parts of the will were as follows:

i give and devise to my children, Samuel, John, Joseph L., Edward L., and Mary C., wife of John G. Brooks, share and share alike, all the residue of my estate, real and personal, for the use of them, their heirs and assigns, respectively forever.

" I however give and devise the share of said Mary C. to my executors, to be held by them on this trust; that they shall hold the same during her life, and either let her real estate or sell and convey the same, and put out on interest the proceeds thereof, and her share of my personal estate; and shall pay her for her sole use on her sole receipt the income thereof annually, or oftener, and also any part of the principal, if necessary for the comfort, support and education of herself or children; and, after her decease, pay the same to her heirs at law, or convey to them her share of real estate unsold, for their use forever."

The declaration also alleged that the testator by a codicil gave and devised to his executors the share given by the will to his son John, " to be held by my executors on the trust that they shall dispose of, hold, manage and pay, for his benefit, and the benefit of his heirs, said share and the income thereof, under the same restrictions and with the same limitations I have within directed and appointed respecting the share I have given to my daughter Mary C.;" and that John, after the probate, assigned to the plaintiffs, by instrument under seal, all his

interest in the will and codicil and in all estate, real and personal, acquired thereby.

The defendants demurred, upon the ground that John had no power to make the assignment.

*H. F. Durant & R. Choate*, for the defendants. The income was not given to John Stevens absolutely, but to be applied to the comfort, support and education of himself and his family, and he took no rights capable of assignment. *Raikes* v. *Ward*, 1 Hare, 445. *Crockett* v. *Crockett*, 1 Hare, 451. *Browne* v. *Paull*, 1 Sim. N. S. 92. *Wetherell* v. *Wilson*, 1 Keen, 80. *Foley* v. *Parry*, 2 Myl. & K. 138. *Hart* v. *Tribe*, 18 Beav. 215. *Kearsley* v. *Woodcock*, 3 Hare, 185. *Perkins* v. *Hays*, 3 Gray, 405.

*J. L. English*, for the plaintiffs.

HOAR, J. We think the true construction of this devise for the benefit of the testator's daughter is this; that it gives the income of the estate for her use absolutely, and appropriates the principal during her life only in case it shall be " necessary for the comfort, support and education of herself or her children." If it were not thus construed, nothing would be given to her, except upon the contingency of such a necessity · and the whole might be left to accumulate for her heirs at law; which would make a distinction between her and the other children of the testator much to her disadvantage, and not apparently intended by him. With this construction, it puts her upon an equality with her brothers, so far as the income of her share of her father's estate is concerned, securing the principal to her heirs, (who would be her children, if she should leave any at her death,) unless her circumstances or theirs should make some earlier use of it expedient.

The codicil directs that the share of John and the income thereof shall be held for his benefit and the benefit of his heirs, under the same restrictions and with the same limitations; by which we think is meant that the income shall in like manner be payable to him, and the capital be preserved for his heirs, unless it should be necessary to expend some part of it for his support, or the support or education of his children.

This interpretation of the will renders the decision of the questions at issue easy. It follows from it, of course, that no interest or estate in the capital or principal could be assigned by John Stevens, because he has no present interest in it vested in him. His only right to it. is upon a contingency which may never happen.

On the other hand, his right to the income annually is complete and absolute, and as much subject to his disposal as any other interest in property. *Foley* v. *Burnell*, 1 Bro. C. C. 274. *Brandon* v. *Robinson*, 18 Ves. 429.

The assignment to the plaintiffs, of the interest of John Stevens under the will and codicil, was therefore valid to transfer to them his right to the income of his share of his father's estate, and the bill to that extent can be sustained.

*Demurrer overruled.*